UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-MJ-05128-NAB ) |
| JEREMIAH ALLEN, | ) ) ) |
| Defendant. | ) |

## MOTION FOR PRETRIAL DETENTION

The United States of America, by and through its Attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jason Dunkel, Assistant United States Attorney for said District, moves the Court to order Defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of Defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, et seq.   As and for its grounds, the United States of America states as follows:

Defendant is charged with an offense that gives rise to a presumption of detention: aiding and abetting in the commission of a murder in the course of possessing, brandishing, and discharging a firearm in furtherance of a crime of violence.   As detailed in the Affidavit in Support of Criminal Complaint, Defendant was one of four individuals who participated in the robbery of a taxi driver on April 24, 2022.   During the course of the robbery, one of the participants shot and killed the taxi driver.

Defendant has been charged with second degree murder, armed criminal action, and first degree robbery in Missouri state court for this offense.   He is not eligible for bond in that case. *State v. Allen*, 22SL-CR03068 (Mo. 21st Cir. Ct.).

Due to the seriousness of Defendant's charges, he is a flight risk. Count Two is a death eligible offense, and even if the Department of Justice opts not to seek the death penalty Defendant can receive up to life imprisonment.

Defendant is a danger to the community, as demonstrated by the violence of the underlying offense. Defendant and his associates were attempting to rob the victim of $60 that they had paid for the taxi fare. To Defendant and his associates, $60 was worth more than the victim's life and they shot and killed the victim in order to successfully flee the robbery.

**Section 3142(g) Factors**

The Section 3142(g) factors favor detention in this case.

As this is a firearm offense, the first factor favors detention because the nature and circumstances of the offense are inherently dangerous. 18 U.S.C. § 3142(g)(1) (listing "the offense … involves … [a] firearm."). More specifically, as a crime involving the murder of a victim, this crime is in the class of the most serious and most dangerous offenses.

The second factor favors detention because the weight of the evidence is strong: as detailed in the Affidavit, Defendant's statement to police incriminated himself in numerous aspects of this crime. 18 U.S.C. § 3142(g)(2).

The third factor—Defendant's history and characteristics—favors detention. 18 U.S.C. § 3142(g)(3). Defendant's participation in a crime of violence resulting in the murder of an innocent victim demonstrates his willingness to put the lives of others at risk for his own temporary gain.

The fourth factor—Defendant's danger to the community—favors detention because of the serious danger posed by Defendant if he were to be released. 18 U.S.C. § 3142(g)(4).

Defendant's participation in the charged murder shows the danger he poses when in the community.

**Conclusion**

Pursuant to Title 18, United States Code, Section 3142(g),

    (a) the nature and circumstances of the offense charged;
    (b)    the weight of the evidence against Defendant;
    (c)    Defendant's history and characteristics; and
    (d)    the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release,

warrant Defendant's detention pending trial. Furthermore, the foregoing establishes that there is a serious risk that Defendant will flee. Finally, the charges in this case give rise to a rebuttable presumption pursuant to Title 18, United States Code, Section 3142(e)(3) that there are no conditions or combination of conditions which will reasonably assure the appearance of Defendant as required, and the safety of any other person and the community.

WHEREFORE, as there are no conditions or combination of conditions that will reasonably assure defendant's appearance as required and the safety of any other person and the community, the Government requests this Court to order Defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of Defendant's initial appearance.

    Respectfully submitted,

    SAYLER A. FLEMING
    United States Attorney

    */s/ Jason S. Dunkel*
    JASON DUNKEL, #65886(MO)
    Assistant United States Attorney
    111 South Tenth Street, 20th Floor
    Saint Louis, Missouri 63102
    Jason.Dunkel@usdoj.gov
    Telephone: (314) 539-2200
    Facsimile: (314) 539-3887